### LAURA MATTHEWS v. RUFUS BOOYE ET AL.

After a judgment in the Supreme Court has been removed into the Court of Errors and Appeals by writ of error, and a return has been made to such writ, and errors assigned, and joinder therein filed, the court below will not, on a mere motion upon notice, correct and amend its record. The proper course is for the party desiring the correction or amendment, to allege diminution of the record, in the appellate court, and sue out a writ of *certiorari*, directed to the court below, for the amendment to be made and returned according to the truth of the case.

On motion to correct and amend postea and judgment in the above cause.

Argued at February Term, 1896, before Justices LIPPIN-COTT and LUDLOW.

For the motion, *John W. Wescott.*

*Contra, David J. Pancoast.*

The opinion of the court was delivered by

LIPPINCOTT, J. A writ of error has been sued out, directed to this court, removing the judgment and record in this cause into the Court of Errors and Appeals, for review. The return has been made to the writ, errors have been assigned thereon in the appellate court, and joinder in error has been filed and the cause placed on the calendar for argument.

A motion, upon notice, is now made in this court to amend the postea and judgment in important particulars. The motion is made, undoubtedly, for the purpose, if the amendments be made, of having them certified into the appellate court.

The question of whether the amendments should be made or not, although discussed, cannot be determined on this motion. In a legal sense there remains no record in the Supreme Court over which any control can be exercised, unless, upon the direction of the appellate court, it is submitted for inspection and certification. The record is now in the Court of Errors and Appeals, to which court it has been removed by writ of error. It no longer remains in this court for the court to expend any power of correction or amendment upon. If the amendment should be made, such amendment could not, by any mere certificate of this court, be made a part of the record in the appellate court without its consent, or some action upon its part directed to that end.

If any correction or amendment of the record can be made, it can only be accomplished upon an allegation of diminution

made to the appellate court to which the record has been removed. It then rests in the discretion and judgment of that court whether the record shall be submitted to the court below for such action, in the way of amendment, as the truth of the case requires.

The proper course, as established by the authorities, appears to be for the party desiring to amend the record, if there be any necessity for further action in the court below, to allege diminution in the appellate court and sue out a *certiorari* for the amendment to be made and returned by the court below, according to the truth of the case.

This practice appears to be well established. *Apgar's Administrators, &c.,* v. *Hiler,* 4 *Zab.* 808 ; *Ell. App. Pro.,* §§ 216, 219, 506 ; *Delaware, Lackawanna and Western Railroad Co.* v. *Toffey,* 9 *Vroom* 525 ; *Brown* v. *Warden,* 15 *Id.* 177 ; *Acker* v. *State,* 23 *Id.* 259, 261.

Whether this course shall be pursued is within the discretion of the court, in error, upon the circumstances of the particular case. If the defect in the record be mere matter of form, it may be amended without the intervention of the court below. *Delaware, Lackawanna and Western Railroad Co.* v. *Toffey, supra.*

The motion to amend, as at present made, is denied, with costs.